## Louis G. Anderson et al., Plaintiffs in Error, v. National Meter Company, Defendant in Error.

### Gen. No. 14,330.

1.  VERDICTS—*when not disturbed.*  A verdict not manifestly against the preponderance of the evidence will not be set aside on review.

2.  EVIDENCE—*when proof of custom incompetent.*  Held, in this case, that it was not competent to prove a custom that when the owner of machinery to be moved sends along a machinist or helping engineer, the men furnished by the movers of the machinery are subject to his orders, etc.

Assumpsit.  Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding.  Heard in this court at the March term, 1908.  Affirmed.  Opinion filed March 4, 1909.

JAMES A. BRADY, for plaintiffs in error.

NEWMAN, NORTHRUP, LEVINSON & BECKER, CHESTER E. CLEVELAND and GEORGE H. FOSTER, for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The plaintiffs, Louis G. Anderson and Albert Ander-

son, engaged in business as Anderson Brothers, sued the defendant for a claim of $92.75. The defendant, the National Meter Co., claimed, as a set-off, damage, by the breaking of the fly-wheel of an engine, caused by the negligence of the plaintiffs. The cause was tried by the court, without a jury, and the court found for the defendant and assessed its damages at the sum of $7.20, overruled the motions of plaintiffs for a new trial and in arrest of judgment, and rendered judgment on the finding.

There is no controversy in relation to the claim of the plaintiffs against the defendant. The only controversy is as to whether the plaintiffs are liable for the damage to the fly-wheel. It was stipulated, on the trial, that the plaintiffs, July 24, 1907, received a fly-wheel, belonging to the defendant, in perfect condition; that its cost and reasonable market value, in New York city, was $86, and that the reasonable and regular freight charge for its transportation to Chicago was $12; and that another fly-wheel was transported by the plaintiffs from the freight house in Chicago, for which transportation plaintiffs charged the defendant $7.75. It was further stipulated that each party might introduce evidence, in addition to the stipulated facts, but not contradictory thereof. The plaintiffs were engaged in the teaming business, at the time of the damage to the fly-wheel, and had been engaged in that business, as partners, for about ten years, and generally did machinery hauling. July 23, 1907, J. E. Hoosier, who had charge of defendant's gas engine department, called up the plaintiffs, by telephone, and informed them that he had a couple of engines to haul and to come over and get the bill of lading; that one of the engines was to go to Wentworth and the other to Oakland exchange. The plaintiffs accepted the employment. They first hauled one of the engines and its appurtenances from the freight depot to the Wentworth exchange and then proceeded to haul the other one to the Oakland exchange. In

unloading one of the fly-wheels of the latter engine at Oakland exchange, it was rolled off the rear end of the wagon and dropped to the ground, breaking it and rendering it useless as a wheel, but, in its broken condition, it was worth about $6. The plaintiffs' counsel contend that the unloading the flywheel, as above stated, was by the direction of Frank J. Kris, a servant of the defendant, who, they contend was sent by the defendant to help unload the engine, and that there can be no recovery for the damage to the wheel. In regard to what Kris was sent for by the defendant, and also as to what part, if any, he took in the unloading of the wagon, there is a conflict in the evidence. J. E. Hoosier, who, as defendant's agent, exployed the plaintiffs, testified that he said to the plaintiffs that Kris would go along to show them which engine was to go to Wentworth and which to Oakland, and to show plaintiffs how to put them on the foundations, and that he did not say that Kris would take charge of the work or help to unload the wagon. Frank J. Kris testified that the driver untied the wheel and he, witness, asked the driver what he was going to do with it, and he said he was going to drop it off the wagon, and he, witness, told the driver that the ground was too hard, and that the wheel, if dropped off, would break, and suggested that the wheel be laid down and slid from the wagon on one or two planks, but the driver let it drop. The witness also testified that he had not charge of the unloading, and stated what he was sent for by the defendant, which did not include unloading.

William Fleischmann. The testimony of this witness is confusing and in some respects inconsistent. He was present when the wheel was broken, and testified, on redirect, that Kris just told the driver where to put the wheels and the engine and which way to go, and did not tell how to unload the wheels from the wagon.

Thomas Kelly, called by plaintiffs, testified he was

present when the flywheel was broken, and that it was by Kris' direction that the wheel was dropped from the wagon, that Kris said, "You have an inch and a half or two inches of loose dirt, boys, let her go," and the wheel was dropped and broke.

George L. Herrick, witness for plaintiffs, testified to substantially the same direction given by Kris.

In this conflict of the evidence it was a question for the court to decide which was more credible. After reading all the evidence we cannot say that the finding of the court is manifestly against its weight. Counsel for plaintiffs offered to prove a custom that, when the owner of machinery to be moved sends along a machinist or helping engineer, the men furnished by the movers of the machinery are subject to his orders, etc. The court excluded this evidence on defendant's objection. We think the ruling clearly correct. Other objections are made to the court's rulings, in which we find no reversible error. It is assigned as error, but not argued, that the damages are excessive. We find no reversible error in the record.

The judgment will be affirmed, the defendant in error to recover its costs of this court.

*Affirmed.*